on behalf of the appellant, Ms. Katrina, and Mr. Terry H. Kuhn. Ms. Kuhn, you may proceed when ready. Please feel free to adjust the microphone as needed. Thank you, Your Honor. Good afternoon, Your Honors. My name is Katrina Kuhn. I represent the people of the state of Illinois. Good afternoon, counsel, and may it please the court. The trial court here committed reversible error when it dismissed Kane County's ongoing felony prosecution for DUI of defendant Reuben Munoz. Your Honors, I have three main points. My first point I will make briefly, and then I will go on to my second two points. This, Your Honors, had de novo review here. The trial court's holding regarding People v. Staple was legally incorrect. The people stand on their brief for the remainder of that argument. And my second point is that Staple is directly on point here. Staple is on all fours with this case. It's actually eerily similar. Felony and misdemeanor prosecutions ongoing at the same time. Isn't in Staple, the misdemeanor and the felony were being prosecuted by the same prosecutor? They were. The state's attorney? They were. And it was, you know, just basically in one courtroom, a felony courtroom over here and a misdemeanor courtroom over here. And the assistant, when he's picked up on a warrant, says, no, we want to keep them separate. But this case over here and that case over there. That does, is what happened in Vermillion County and Staple. Right. So how is that the same on all fours as being in a village prosecution or city, I forget, but a local prosecutor and the state's attorney? How is that the same? This actually, our facts are even more favorable because there the prosecutor elected to keep them separate. You know, the defendant knew they were separate. Here we have the prosecution of different charges by different attorneys from different offices. And as your honors know, the state's attorney enters into an agreement with attorneys to prosecute municipal offenses. And these are distinct cases that are set on different dates and different courtrooms. They're not always going to track each other. And the fact of the, you know, the fact that they were concurrent, the fact is that they're still concurrent proceedings. They're not successive proceedings, which is when we get into the double jeopardy issue. And the, in both cases, the defendant was aware, was appearing in and was aware of both cases going on. That's the key point, the double jeopardy purposes. The defendant cannot claim ignorance. He cannot claim that he was taken by surprise. He cannot, he appeared with separate attorneys on different court dates in different courtrooms. My, the facts in the people's brief I set out at this detailed timeline. Defendant could not have thought that these were one and the same case. You couldn't have thought that in Staple. They're happening in separate courtrooms. So defendant could not have thought that by pleading in one case, then he was free and clear of the other case. And defendant was kind of trying to argue that in the trial court. And unfortunately, the trial court incorrectly accepted that argument. And the defendant in this case relies on Waller, Stephan, other cases that are clearly distinguishable. Those were cases where there were successive proceedings. You know, the state in Waller and Stephan, you know, underwent one proceeding. And then after that began a successive proceeding. For example, in Stephan, there were successive actions. Again, the defendant fled to a municipal ordinance regarding waste disposal. There were complaints in 1984. And then in 1986, the state decided to indict him under state law. That is the double jeopardy violation. That is not what happened here. Here we have, and it cannot be overreaching to charge a felony here when it could only have been charged by indictment. These proceedings. Or information. Or information, Your Honor, yes. But again, this whole case began when defendant received a traffic citation. The traffic citation then proceeded. And unbeknownst to the state, these proceeded concurrently. And that was never picked up upon. However. Is it your obligation to know that there's local prosecutions going on? Your Honor, a felony state's attorney would not generally, as a matter of course, see this on their court call. They would not generally be notified, as a matter of course. But they would generally know that the defendant was charged with a DUI in a municipality. And wouldn't that knowledge be imputed anyway? Well, what happened was the state later charged the felony and the misdemeanor in an indictment. The ASA and page 8 of the report of proceedings, the ASA forthrightly acknowledged that he, you know, was not aware when this was being argued in the motion. Because I think it's pretty well understood for an assistant state's attorney to be aware that if there's a DUI or an accident, that it's certainly possible felony charges could follow. And therefore, you need to be careful about any deal you're making on a traffic ticket. It almost seems like the rule you're proposing is any concurrent prosecution is fine. Well, there's not going to be any double. Don't worry about double jeopardy implications if it's concurrent. No, Your Honor, I'm not arguing that as a general rule. I'm saying that in this case, there was no, there was clearly, you know, clearly this could have been handled better. But the office of the state's attorney is not overseeing the village prosecution. They're happening in different ways. The village prosecutor is completely autonomous. Completely autonomous? Well, the state's attorney is not really overseeing, you know, micromanaging the village prosecution. You know, could the village attorney have told the state's attorney that a misdemeanor plea was entered? Yes, certainly that could have happened. But we have to concur that to the knowledge of defendant as counsel. Defendant appeared in both cases simultaneously. And that's what happened in Staple. Well, wait a minute, are you suggesting that the defendant should, you know, come up to the assistant state's attorney and say, oh, by the way, you know, there's cases pending out in the village, and I'm going to go plead guilty to them? No. Well, defendant's counsel may, defendant's counsel certainly knew what was going on. Defendant's counsel, defendant appeared with separate attorneys on different courtrooms. And defendant knew that these were separate cases. He made speedy trial demands in both cases. He could not have thought that these were one and the same case. They had two different people from the public defender's office, didn't they? He did, but that's the same office. I get it. Yeah, I mean, yes, Your Honor. Some of them are very tight, and everybody works together. And others certainly seem to operate somewhat autonomously. Can I just ask, the CF was created, the file was created at the same time as the DT, correct? On the same day. Is there no local rule requiring the DT to follow the CF? I'm honestly not aware, Your Honor. I'm not aware of that, if that's the case or not. Again, all of your points are well taken. This certainly could have been done differently. The bottom line is double jeopardy is not implicated here. Defendant pled guilty, jeopardy attached. That's jeopardy. Defendant is kind of skipping over the second part of a double jeopardy analysis, which is, is the second proceeding permitted? And that's where Judge Barsanti cut it off at the knees, which was, again, an error of law. The acceptance of a plea doesn't automatically raise a double jeopardy bar. And, again, you know, a plea to a lesser offense is not an acquittal of a greater offense. And that's what Justice Holder White said in Staple. But in this village prosecution where he pled guilty, every count was resolved. There was nothing left in the village prosecution. Or did I misread the facts? No, Your Honor. The village prosecution was the misdemeanor DUI, which I believe was two different grounds. That doesn't, again, a plea to a lesser offense is not an acquittal of a greater offense. But there was no greater offense in that case. No. The defendant was charged with it. The defendant was ongoing proceedings of a greater offense. But it's the same incident. This is the same thing that happened in the cases cited in my brief are Foster and Price, where there are lesser offenses. At Price, I believe there was theft and official misconduct. The defendant pled to theft before the trial, and then the jury found her official at misconduct. That was not a double jeopardy violation. The state could go forward. It didn't resolve all the counts in Price. Pled guilty to one, second one preceded. Right? But double jeopardy does not prevent the state from prosecuting multiple offenses on the same act. And, again, except there's a plea. The point I'm trying to make is the village prosecutor has an event, filed whatever charges they're going to file, a plea agreement is entered into that resolves all the pending matters. What is left to be prosecuted? At that point, there was a felony indictment that had been filed in a separate case for the same act. Well, let me ask you this. Isn't it your obligation to know what other charges are out there pending on your I'm not your, I didn't mean your, on an event? Again, Your Honor, this, as in Staple, in Staple here, the prosecution even elected to keep the cases separate, and that was not found to be a condition here. Right, but that was all state's attorney. That was not a village prosecution. One office, one prosecutor. Right. Theoretically with assistance. Very different than the fact pattern here. Two autonomous prosecutors. One makes a deal. Why is that not binding on the other? Well, as Your Honor just said, they are autonomous. They're not, again, they weren't bound in Staple. They're not binding here because there are still pending felony proceedings, and what would happen is, again, Your Honors have to keep in mind that the defendant here is not subject to successive legal actions. He also is not subject to multiple punishments, because unlike Brenner and Hull in the cases on which the defendant relies, this is the same county they would merge, the DUI, the felony and misdemeanor would merge. So if this is sent back for felony DUI proceedings, the defendant is not subject to multiple punishments. That was not the case in Brenner and Hull, where there were two different counties, then those counties would have to coordinate, and they cannot merge convictions in two separate counties. Again, that distinguishes the case law, and if we're looking at the case law, the case law is clearly on the people's side with Staple. With Waller, which was fully distinguished in the people's brief, the people's reply brief, fully distinguished. Those are successive prosecutions, and the defendant relies heavily on Waller. And again, the people did not here try to bring a different action after a guilty plea. And the people were not trying to prosecute charges seriatim. There was no prosecutorial overreach. This was not a case where Kane County tried to prosecute a felony after the conclusion of a misdemeanor case, which is a clear double jeopardy issue. This is not a case where the county was honing its evidence against the defendant and trying to, you know, test out a theory. This was a case where the defendant pled that jeopardy attached, and then the defendant went in, tried to use the sword of double jeopardy to dismiss the felony prosecution. That is what happened in Staple. That is not what double jeopardy is for. Counsel, to what extent does a municipal prosecutor owe, well, to what extent are they co-extensive with a state's attorney? In other words, the state's attorney appoints, or at least issues a letter appointing them to prosecute certain types of cases, correct? Yes. So is not that authority akin to appointing someone as an assistant state's attorney for purposes of prosecuting those types of cases? It is. There is kind of a subcontractor, so to speak. However, again, you know, my understanding is that this is not something that the state's attorney, the state's attorney is entering into an agreement with the village to prosecute municipal, or pardon me, misdemeanor municipal offenses, so the state's attorney's office is not, you know, micromanaging that or, you know, overseeing it. They're kind of leaving it to them to take care of these, and we'll take care of the felonies. Right. Well, that's what I'm getting at, and I apologize. I should have addressed this earlier. The motion to supplement the record is denied. We'll consider a staple on its own terms, but in this case, to what extent do you think it makes a difference that the defendant here agreed to an offer from the prosecutor? It's not an open plea case like Price and the Johnson case. It doesn't really make a distinction here, and what is important here is that there was a plea, you know, whether it was open or not, there was a plea to which jeopardy attached, and there's not a double jeopardy violation here. Because you're saying there's not a second prosecution? Correct. Correct. And the fact that someone has pled guilty is an admission to all of the facts that are alleged in the case. For example, here, the misdemeanor plea. He pled guilty to misdemeanor DUI. He pled guilty to committing a DUI on that offense. The felony DUI was based on, you know, it was his second DUI. That's what got him into the felony. So really, the felony DUI is essentially proven now. There's no real second proceeding that's even going to happen. May I conclude?  There's no real second proceeding that's even going to happen. So, again, how can a defendant be caught by, you know, surprise or prejudice in any way, to use it for lack of a better term, for having already admitted to committing misdemeanor DUI? Well, admitted in exchange for a certain outcome, right? And so now what you're saying is that agreement is out the window, but you've also admitted to every element that we need in the felony. Yes, because, again, this is not the state. Again, defendant is not allowed to defeat this on double jeopardy terms. He may defeat it on other terms, but this is not a case where the state is doing successive prosecutions. Again, that is the people's position. Yeah, but what other terms would he defeat it on? He's admitted to everything that the state needs to prove in the felony. What I'm saying is at the point that this was argued in the trial court, you know, that he sought to stop the felony prosecution in its tracks when he had a chance to plead to the misdemeanor. And, again, this statement discusses that, and, you know, when defendant has knowledge of both things going on, that is key. That is key. This was not something that was— But the prosecution also has knowledge of both, and it's imputed. I mean, the state's attorney appoints the municipal for that purpose. The municipal has knowledge. The state's attorney in this case certainly had actual knowledge of the DT cases pending when they indicted. And this is over the course of, I think, about five months. You're saying that the state's attorney had knowledge of the misdemeanor cases? Right. Yes, but they didn't have knowledge that a plea was pending, and, again, defendant went in exactly as in Staple, went in and fled, and then said, okay, I'm done. And, you know, if I had a choice, I would have done that, too. But that is not a violation of double jeopardy. Okay. Any further questions? No. All right. Then we'll address further arguments in rebuttal.  And, Mr. Goetsch, you may proceed when ready. Good afternoon, Your Honors. May it please the Court, my name is Kerry Goetsch, and I represent the FLE Ruben Munoz. The state made a contract with Mr. Munoz, and really the only reason we're here is that the state is trying to alter the terms of that contract unilaterally. They want to offer a plea to a misdemeanor DUI and now pursue charges of felony DUI based on the exact same event. Judge Barsanti was correct, and I'd like to address this a little bit. The state says it's de novo review, but one factual finding that Judge Barsanti made that is afforded deference is that nothing tricky happened in this case. There was no surreptitious activity by Mr. Munoz. He accepted a plea deal from the state. It's the same sovereign. The deal applies to both the state's attorney and the village. They're the same sovereign for purposes of the deal. It's not explicitly stated on the record, but it's clear what happened here. There was no communication between the two sets of prosecutors. The state concedes that the village and the state are the same sovereign, and that should really end the analysis because the state is bound to the contract that it made with Mr. Munoz. The state also doesn't really get into the fact that any purported error in this case was invited by the state. Can you back up a second? How are they the same sovereign? Well, that's what WALR stands for. The state of Illinois has the prosecuting authority, and that is dished out via various state's attorneys, and then, as you pointed out, the state's attorneys then allow the village prosecutors to do some of these prosecutions. But does the village prosecutor have authority to resolve a felony? Well, they didn't resolve a felony. That's not the question. They have the authority to prosecute DUIs, and it's the exact same event. So they have the authority to prosecute in this case, yes. Okay. It's the same. WALR stands for the concept that the ASA can't come in after the village is already prosecuted. And the state makes a deal about when the charges are brought, but the charges are irrelevant for jeopardy purposes. Jeopardy doesn't attach when you're charged. It attaches, well, if you're having a jury, it attaches when the jury is brought in and voidere. But, I mean, what matters for purposes of jeopardy are trials, sentences, things of that nature. It's not when you're charged. And, in fact, in Brenner, the charges were brought on the same day. And this court should follow Brenner. The state makes a distinction, well, an indictment came after the plea. Well, the information came the same day as the traffic case in Brenner. And so there is no real distinction here. The state also points out, well, there's different counties. Well, that actually sort of forgives them more than it does here, where it's the exact same county. Everything's, like, they should be communicating. It's understandable that one county might not know what's going on in the other, but this court found in Brenner that that doesn't excuse what happened. And, in fact, Brenner really got it right. They point out, and the state is trying to make this seem nefarious, but the defendant can avoid a harsher punishment is a basic, common, and acceptable consequence of the prohibition against double jeopardy. And that's what Brenner says. Like, I mean, this happens all the time in police. Of course you're going to take advantage of a situation. And they're also imputing knowledge to the defendant that he just, frankly, doesn't have. Do you think the defendant knew that by pleading to a misdemeanor that double jeopardy might? I mean, his attorney certainly might, but the defendant isn't. I mean, the state knows it. The defense attorney knows it, but the defendant doesn't know it. So the fact that the defendant knew there were two cases going on, I mean, he's juggling it however he can. And when his attorney advises him, hey, take this deal. The state is offering you a deal to a misdemeanor when you're facing a felony. Yes, I'll take it. How do you distinguish staple? There's no plea agreement in staple. There's no ‑‑ if you control out on the documentary staple, the words negotiated and agreed do not appear. And here we have a negotiated plea. The state concedes there was a negotiated plea. And I apologize for getting it wrong in my brief. I actually mixed up the defense attorney and the prosecutor. But it actually makes the statement even more compelling because the prosecutor exactly lays out the terms of the deal. And so staple doesn't really apply here. And it also goes back to the fact that Judge Barsanti found that nothing, quote, unquote, tricky happened here, which is what happened in staple. Staple said it was a surreptitious plea. I mean, the defendant in staple had absconded for three years. You know, he was trying to avoid responsibility. You don't have that here. You've also pointed out that it was a single prosecutor. And one of the distinctions between Price and Foster in a case like this is that Price and Foster, it was a set of charges that were all being prosecuted at the same time. And in Price, they didn't even sentence the defendant until after they prosecuted the offenses, the greater offense. In Foster, the main holding was that it wasn't a lesser included offense. But, again, in Foster, there's no evidence of an actual plea deal, which is what we have here. If the state is right about staple, then I think this court should find that staple was wrong and decide it. It runs it against the contract principles of negotiated pleas, and it also violates Waller in that it's allowing a state's attorney to prosecute after the municipality. I'd like to point out, I don't know if I did already, but in staple, when they distinguished Brenner, they did not notice that the information was issued on the same day. They also point, the court points to the timing of the indictment, but the charges were already filed via information. So that distinction that staple makes of Brenner is actually inaccurate. I guess to conclude, Johnson and in turn staple, they stand for the principle that the state gets, quote, unquote, one full and fair opportunity to convict. They got that in this case when they negotiated a plea with Mr. Munoz. Accordingly, we ask that this court affirm Judge Barsanti's decision dismissing the felony DUI charges. Is there any obligation of the state's attorney to know what the village is doing or for the village to notify the state? Absolutely. That was sort of a point that Brenner addressed. I have a quote here. There can be little sympathy for the state when its subordinate instrumentalities fail to cooperate. The defendant should not lose the constitutional right against double jeopardy simply because he outmaneuvered the state. I mean, it's the exact same scenario. You fail to communicate, that's on you. I mean, the state is complaining that the defendant knew there was two proceedings. Again, the defendant is not sophisticated. But the state knew just as well. The village, frankly, probably wanted the money. They want their fine. And when the state says, well, everything will merge, is the village going to get the money back? What about the community service hours? How do you take those back? I mean, it doesn't make sense. Does the village prosecutor have the authority to resolve all the pending cases? Yes, all the cases in front of it. If one then implicates double jeopardy, that's on the village prosecutor. I mean, this is exactly what happened in Waller. The municipality charges a lesser. He pleads and, I mean, the timing of the prosecution is different. But this prosecution hasn't been resolved either. The idea that this isn't a successive prosecution, they haven't prosecuted him for the felony yet because, well, they can't. But it's still successive prosecution because it doesn't matter when the charge is brought. But Waller stands for the fact that the municipality resolves a misdemeanor. The state then can't come in and charge a felony or prosecute the felony. Well, that's a significant distinction. Can they file charges or can they not just proceed to trial? So your position would be that after the plea in the village, they cannot proceed to trial on the greater offense? Correct. Or any offense for that matter. Any offense implicated by this incident. It's the facts of that. Correct. And is that because the subordinates or coordinating agency for which they're responsible and which they empowered made a deal on the lesser included?  I mean, if I make a deal with a credit card company, my wife is basically bound by that same deal because we are co-sovereigns of our household. That would be the analogy. I mean, if you have power of attorney and you enter into a deal, the person that you have power of attorney over is bound by that deal. It's no different. I mean, I don't see why the state can say that the assistant state's attorney has more authority than the village. They don't for purposes of DUI prosecutions. They're the same exact entity. In fact, it should probably be the village prosecutor in here arguing against the state because the village prosecutor made the deal. Mr. Munoz just accepted it. I mean, the warning parties in this aren't Mr. Munoz and the state. It's the village prosecutor and the state. They should have communicated. If your position is adopted, how are we not encouraging gamesmanship in these types of cases? Frankly, gamesmanship occurs all the time, but the way you solve that problem is you have the village prosecutor communicate with the state's attorney for DUIs. I mean, frankly, it wasn't like the charges came and then the plea was immediate. Both these cases were proceeding, or you have the state's attorney say, we've got felony charges, we're taking over the DTs. I mean, there's plenty of ways to avoid this. This doesn't happen very often. It happened in Staple largely because he absconded probably. There was trickery. There was no trickery here. All right. Thank you, counsel. Thanks. Ms. Coon, you may proceed when ready. Thank you, Your Honor. I have several things to cover, so I will try to be brief. First of all, Your Honor, if I may just address, I understand Your Honor, Your Honors have denied the motion to supplement the record, and we respect that ruling. We just wanted to point out that we're moving to supplement the record to correct significant factual errors in the defendant's argument. He was speculating when he was arguing whether there was or was not an agreement in Staple. We understand that, counsel. We'll treat that accordingly. Thank you, Your Honor. The second point I wanted to make is that Waller, in fact, is correctly decided. It is clearly distinguishable. I wanted to point out that in my brief, in my reply brief, I did mistakenly say the Florida Supreme Court was being reversed by the United States Supreme Court. It's actually the Florida Appellate Court. But what was necessary for the United States Supreme Court to say in Waller is that the Florida Appellate Court was wrong to allow the state to bring a separate action after the conclusion of a municipal action. That was wrong in Waller. That fact is omitted from defendant's discussion in Waller. That is what the holding is in Waller. And, again, that's clearly distinguishable from what we have here. Judge Barsanti, I believe, when he made his ruling on October 4th, he actually, I think he believed that there would not be the end of the felony DUI. He said on the October 4th record, now, I'll dismiss the DUI count. I understand that was just one count. The public defender said yes, Judge, and the court said the rest of the counts would still be alive. So I believe that he didn't maybe, you know, he missed the fact that he was understanding that the rest of the counts could still continue and they could still continue. And as far as the same sovereign issue. Can I ask that? Yes, ma'am. Why did you appeal? Am I misreading this? I hear you saying we really got a favorable ruling from Judge Barsanti because he said the felony charges are still alive. No, I must have misspoken, Your Honor. I was simply trying to say that Judge Barsanti dismissed the DUI, the felony DUI counts. I think that maybe he was thinking that the rest of the counts would survive. I think he was, I think he was maybe, was not understanding the effect of his ruling. The other point that the people would like to make is that if this honor, if this court was going to affirm the trial court, it would be issuing an order or an opinion in direct conflict with Staple. And Staple was not wrongly decided. The main point of that, of the defendant's argument on that point is Waller. And again, we clearly distinguished Waller. And defendant here knew that there were two cases going on. Should defendant himself be charged with having this knowledge and being up on the, you know, the rule and the law about double jeopardy? No, but his defense counsel surely should be. Wait a second. So defense counsel is not in this room. He is or she is not a party to this case. How do we place burden on a defense counsel whose job it is to represent his client and take advantage of every opportunity presented by the state? We should not hold that against counsel. That's what counsel is supposed to do. Your Honor's point is understood. However, double jeopardy, when it comes to double jeopardy, defendant is using this as a sword. Defendant is not using this. Defendant would certainly be permitted to use it as a shield if the court, if the state came later and tried to say, okay, you've already pled in misdemeanor. Now we're not satisfied with that. Now we're going to bring felony charges. That's not what happened here. This was, again, this could have been tried differently. It wasn't. But, again, defendant is trying to use this as a sword and not a shield. He made an agreement. Tell me why you, I keep saying you and I do apologize, the state's attorney's office is not responsible for the totality of what was done in the village. And so if an agreement is authorized, isn't that implicitly a resolution of the case, not parsing out the counts? And I do note in a lot of these cases where double jeopardy is applied, the plea in question resolved all the pending matters in that case. So if you've given, again, the state's attorney has given authority to the village prosecutor to resolve the case, and he resolves all the counts, why is not that the end of all charges that could have been or have been brought out of that set of events? Because at that point there was still a currently pending felony prosecution, currently pending at the time. And, again, the village is not, you know, that did not bind the prosecution. Why not? You said that the village prosecutor is autonomous. You said, I think you called it, they were, anyway, autonomous, and that there is a sort of a subcontractor and some type of relationship. Why aren't you bound by what the village prosecutor does? I guess that's what I kind of keep coming back to. If you've given the authority to resolve it, they resolve it. There's a totality agreement. Everything is resolved. Well, even in Staple where the prosecutor elected to keep them separate, they were not bound by that. Same prosecutor. Same state's attorney's office. This is two different, two different offices. It benefits the state because the state, you know, again, in Staple they were the same prosecutor. They're binding each other. Here we have two separate entities, two separate prosecutions, and defendant is aware that both are going on, and that was the key in Staple. Defendant was aware. And so is the state, right? Yes. But defendant is bringing, defendant is, again, defendant is using double jeopardy to stop an ongoing felony prosecution. That is not what double jeopardy is for. How about we look at it as that the defendant has taken advantage of an offer to plead guilty to a misdemeanor, to resolve the matter, to resolve the case. No matter what else he's pending. He's not, again, when he argued that then he could dispose of the felony prosecution based on double jeopardy, he would be incorrect if he argued that these were, that he would be subject to multiple punishments. He is not. Okay. May I ask a question? Yes. Does it matter if, you know, according to you, the state attorney has no responsibility to monitor what his contract, his or her, depending, prosecutor is doing, and they're just proceeding along and the village case being a misdemeanor gets to trial ahead of time. Defendant sits through a trial. Maybe he's found guilty. Let's assume he's found not guilty. Then what? Well, that would be an acquittal. And that would be, then the people then brought us a charge after that. No, I'm not talking about that. I'm talking about what we have now, according to you, which is, you know, they're just proceeding along each their merry way. And the defendant, you seem to think or ascribe some kind of trickery to him getting a deal, taking a negotiated plea. If he didn't do that and he sat through a jury trial and was either found guilty or acquitted, would it matter? Defendant would have a better double jeopardy argument there because then the state would have then been allowed to, you know, test its evidence against the defendant. You know, again, that would be, he would have a better argument here. He pled to a lesser offense, which is not an acquittal of the greater offense. And that is not, although jeopardy did attach, jeopardy would attach in your hypothetical, it did attach here. They do say, though, that jeopardy attaches when a plea is accepted. Yes. Yes, jeopardy attaches. That doesn't, that's the first part of the analysis. And the second part is, is there, is a second conviction or a second proceeding, so to speak, does that violate double jeopardy? That's the second part of the analysis. And, Your Honor. And you said, well, if he sat, if he went to all the trouble to sit through a bench or jury trial against him, then he'd have a better double jeopardy argument than he has here. Well, I'm not sure I understand why, but I hear what you're saying. Okay, again, Your Honor, you know, double jeopardy prevents the state from bringing one, you know, trying a case one time and maybe not liking the way it happened and not, you know, then they can't say, okay, we want a do-over. You know, that would be a case where you have, if you have a trial. This, that is not the case. You know, a plea, there are different protections for a defendant, and there's case law on that, whether it's a acquittal or a plea, as far as double jeopardy goes. Any additional questions?  All right. Thank you very much, counsel.  We will take this matter under advisement into a ruling in due course, and we will adjourn for the day.